Kestler *v.* Kestler.

<hr />

BARBARA KESTLER

*v.*

LOUIS KESTLER.

Where a wife declared to her husband, with whom she was living in her house, that he must leave the house, or else she herself would (he not having been guilty of cruelty to justify her action), his leaving her under such circumstances is not desertion.

<hr />

On petition for divorce.

*Mr. T. D. Hodges*, for petitioner.

THE CHANCELLOR.

The petitioner sues for a divorce from the bond of matrimony from her husband, on the ground of willful, continued and obstinate desertion for three years and upwards. The parties were married on the 5th of August, 1865. They lived together for about six weeks immediately thereafter, in Elizabeth, in this state, in a house belonging to the petitioner. He then left her, and went to live at the house of his father, in that city, and has lived there ever since. She has ever since lived in her house. At the time of the marriage she was a widow with three children, and was about twenty-eight years of age. He was about twenty-four.

The bill was filed on the 23d of October, 1878. It appears, by the testimony of the petitioner, that the defendant left her house in pursuance of her positive declaration to him that either he must go or she would. She says that he said her house was no home to him, and she then replied that, if it was no home, he should go. She states, as her reason for her declaration above mentioned, that he was jealous of her, and charged and taunted her with infidelity to him. Whether with or without good reason, does not appear, except as she may be regarded as denying a charge of which she complains. It is true, her son, a boy of fifteen, says his mother and the defendant used to "fight" and scold, but it is clear, from the testimony, that the defendant used no violence to the complainant. She complains of no violence, but only of his jealousy, and the charges against her which resulted from it. It is urged, by her counsel, that such conduct on the part of the defendant would have justified the petitioner in leaving him, and if she had done so, for that cause, and had remained away three years, without overtures for her return on his part, accompanied with promises of better conduct, she would have been entitled to a divorce, on the ground of desertion. But, in the first place, the conduct of which she complains is proved only by her own testimony; and, again, it would

seem, from his letter to her, written April 27th, 1878, put in evidence by her, that he was unwilling to leave her; that she had twice ordered him away, but, on the first occasion, had, through his importunities, relented, and permitted him to stay. Under the circumstances, he cannot be found guilty of desertion from the time when he left her house. She not only consented to his leaving, but insisted on his doing so, and it does not appear that his conduct was such towards her as to justify her in separating herself from him, had he refused to leave her. The circumstances are not such as to entitle her to a divorce. *Jennings* v. *Jennings, 2 Beas. 38; Moores* v. *Moores, 1 C. E. Gr. 275; Belton* v. *Belton, 11 C. E. Gr. 449.*